United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JODY LYNN VON HAAR,<br><br>Plaintiff,<br>v.<br><br>CITY OF MOUNTAIN VIEW, TONY VIERYA, aka JOSE VIEYRA, TY ZEMLOK, FERNANDO MALDONADO, Does 1-100,<br><br>Defendants. | Case No.: 10-CV-02995-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING REQUEST FOR SANCTIONS WITHOUT PREJUDICE; SETTING CASE MANAGEMENT CONFERENCE |

Defendants City of Mountain View, Tony Vierya (aka Jose Vieyra), Ty Zemlok, and Fernando Maldonado move to dismiss portions of Plaintiff's Complaint and request sanctions for violations of Rule 11 of the Federal Rules of Civil Procedure. Pursuant to Civil Local Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendants' motion to dismiss with leave to amend and DENIES Defendants' request for sanctions without prejudice. Additionally, the Court schedules a Case Management Conference for February 23, 2011, at 2 p.m.

## I. Background

This action involves the alleged use of excessive force and infliction of cruel and unusual punishment by police officers employed by the City of Mountain View. Plaintiff Jody Lynn Von

Haar alleges that on September 15, 2009, she was a passenger in a vehicle stopped by Defendant police officers Ty Zemlok and Fernando Maldonado. Compl. ¶ 9. Defendant police officer Tony Vieyra arrived at the scene after the initial stop, and in the course of restraining Plaintiff allegedly caused a comminuted fracture to her right arm. *Id.* Plaintiff claims that Defendants then handcuffed and restrained her, and transported her to a hospital emergency room without any prior first aid, all of which resulted in bodily harm, physical pain and suffering, and emotional distress. *Id.*

After first making a claim of loss to the City of Mountain View, Compl. ¶ 13, Plaintiff filed the instant action against the City of Mountain View and against police officers Vieyra, Zemlock, and Maldonado in their individual capacity. Plaintiff's Complaint asserts two causes of action: (1) a claim pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's right to be free of cruel and unusual punishment guaranteed by the Eighth and Fourteenth Amendments; and (2) a claim under the California Tort Claims Act. Defendants move under Rule 12(b)(6) to dismiss Plaintiff's first cause of action as to Defendant City of Mountain View and to dismiss Plaintiff's second cause of action as to all Defendants. Defendants also request that the Court impose sanctions on Plaintiff's counsel for filing a complaint containing frivolous claims in violation of Rule 11.

## II. Motion to Dismiss

### A. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its

face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B. Section 1983 Claim (First Cause of Action)**

Plaintiff's first cause of action alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983. Defendants move to dismiss this cause of action only as to the City of Mountain View, arguing that the Complaint fails to allege facts sufficient to state a claim for municipal liability. The Court agrees.

Local governments are considered "persons" for purposes of Section 1983 and may be held liable for monetary damages in cases where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978). A local government may not be sued under a theory of respondeat superior for injuries inflicted solely by its employees or agents. *Monell*, 436 U.S. at 691; *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006). Rather, a plaintiff must demonstrate that the government's official policy or custom was the "moving force" responsible for infliction of her injuries. *Monell*, 436 U.S. at 694. Under *Monell*, a plaintiff may establish municipal liability by demonstrating that "(1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

While a complaint need not plead detailed factual allegations establishing municipal liability, it must, at a minimum, make some allegation that Plaintiff's constitutional injuries

resulted from an official government policy, custom, or practice. *See Buckheit v. Dennis*, 713 F. Supp. 2d 910, 920 (N.D. Cal. 2010). In the Ninth Circuit, this requirement may be satisfied by allegations that the conduct of individual officers conformed to an official policy, custom, or practice of the municipality. *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986); *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). In this case, however, the Complaint does not contain even conclusory allegations regarding the City's policies, customs, or practices. Indeed, the Complaint contains almost no factual allegations about the City of Mountain View at all, aside from the allegation that the City employed the Defendant police officers. Compl. ¶ 4. Because a government entity cannot be held liable solely for employing a tortfeasor, *Shah*, 797 F.2d at 747, the allegation that the City employed officers charged with unconstitutional conduct, without more, is not sufficient to state a plausible claim for relief. Accordingly, the Court finds that Plaintiff's Complaint does not allege facts sufficient to state a claim for municipal liability. The Court therefore GRANTS Defendant's motion to dismiss the first cause of action as to the City of Mountain View, with leave to amend to cure this deficiency.[1]

**C. California Tort Claims Act (Second Cause of Action)**

Plaintiff's second cause of action alleges claims under the California Tort Claims Act, Cal. Gov. Code § 810 et seq, also known as the Government Claims Act. Defendants argue that this claim must be dismissed as to all Defendants because it is not specific enough to provide fair notice of the relief sought against them. The Court, again, agrees with Defendants.

In her second cause of action, Plaintiff states only that her claim is brought "pursuant to the California Tort Claims Act for the injuries and loss hereinabove alleged to have been caused and sustained as a result of the actions or failure to act" by Defendants. Compl. ¶ 16. The California

[1] Defendants also argue that the first cause of action does not state a claim against the City because it does not identify a statutory basis for liability, as required by California Government Code § 815(a). However, it is well established that "[a]lthough a plaintiff's cause of action may be barred by public entity immunity under state law, this does not shield a city or its employees from liability under section 1983 for deprivation of a person's civil rights under color of law." *Berman v. City of Daly City*, 21 Cal. App. 4th 276, 285-86, 26 Cal. Rptr. 2d 493 (Cal. Ct. App. 1993). *See also Martinez v. State of Cal.*, 444 U.S. 277, 284, 100 S.Ct. 553 (1980) (stating that immunity provisions of the California Tort Claims Act do not control in a § 1983 claim). Accordingly, this argument does not provide grounds for dismissal.

Tort Claims Act does not create an independent cause of action for personal injuries caused by the acts or omissions of public employees. Rather, the Act, is "a thoughtfully devised statutory plan that is designed to control the basis under which public entities may be liable for damages." *Roberts v. County of Los Angeles*, 175 Cal. App. 4th 474, 480, 96 Cal. Rptr. 3d 60 (Cal. Ct. App. 2009) (internal quotation marks and citation omitted). It defines the scope of liability for public entities and public employees, and also sets forth detailed procedural requirements for claims against public entities. *Id.* As to public employees, the Act provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person," except as otherwise provided by statute. Cal. Gov. Code § 820. As to public entities, including cities, Cal. Gov. Code § 811.2, the Act eliminates common law tort liability and requires instead that any liability be based on statute. *Guzman v. County of Monterey*, 46 Cal. 4th 887, 897, 209 P.3d 89 (2009); Cal. Gov. Code § 815. The Act further provides a statutory basis for vicarious municipal liability for injuries "proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."[2] Cal. Gov. Code § 815.2; *see also C.A. v. William S. Hart Union High School Dist.*, --- Cal.Rptr.3d ----, 2010 WL 4371044, at *2 (Cal. Ct. App. 2010).

Thus, the Tort Claims Act merely provides that, under certain circumstances, public entities and employees may be held liable for injuries based on the same causes of action that would apply to a private person. *See* Cal. Gov. Code §§ 815.2(a), 820. The Act does not create an independent state law cause of action for such injuries; rather, a plaintiff suing pursuant to the Act must provide a separate statutory or common law cause of action to support her claims. *See, e.g.*, *Lugtu v. California Highway Patrol*, 26 Cal. 4th 703, 715-16, 110 Cal. Rptr. 2d 528 (2001) (applying the limitations on liability provided under the California Tort Claims Act to a cause of action for

[2] As Defendants note, Plaintiff's failure to identify this provision or another state law as the statutory basis for her claims against the City of Mountain View is a further deficiency of the second cause of action. The California Tort Claims Act requires all public entity liability to be based on statute. Cal. Gov. Code § 815. If Plaintiff chooses to amend the second cause of action, she must specify the statutory basis for any claims against the City of Mountain View.

United States District Court
For the Northern District of California

negligence). Although Plaintiff pleads compliance with the procedural requirements of the Act, the Complaint does not specify any statutory or common law basis for Plaintiff's claims. Indeed, as Defendants point out, the only substantive state law cited in the Complaint relates to liability for dangerous conditions on public property, Cal. Gov. Code § 830-835.4, an issue that is simply not relevant to this case.

Plaintiff's general reference to the California Tort Claims Act, and the specific references to unrelated provisions of that Act, are not sufficient give Defendants fair notice of Plaintiff's claim and the ground upon which it rests, as required by Rule 8(a). *Twombly*, 550 U.S. at 55 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Based on the allegations in the Complaint, Defendants have no way of knowing whether they are charged with negligence, battery, intentional infliction of emotional distress, or some other claim. Accordingly, the allegations are not sufficient to provide fair notice or to state a claim upon which relief may be granted. The Court therefore GRANTS Defendants' motion to dismiss Plaintiff's second cause of action against all Defendants with leave to amend.

**III. Motion for Sanctions**

Defendants also request that the Court impose sanctions pursuant to Rule 11 because Plaintiff's Complaint contains frivolous allegations. However, the local rules of this Court require that all motions for sanctions be separately filed. Civ. L. R. 7-8. Defendants' request for sanctions, included within their motion to dismiss, does not comply with this requirement. Accordingly, the Court DENIES Defendants' request for sanctions without prejudice to renewal of this request as a separately filed motion for sanctions that complies with the Local Rules.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's first cause of action only as to Defendant City of Mountain View and Plaintiff's second cause of action as to all Defendants, with leave to amend all dismissed claims. Plaintiff shall file an amended complaint, if any, within 30 days of this Order. The Court DENIES Defendants' request for sanctions without prejudice. Additionally, because there has not yet been a Case Management

6

Case No.: 10-CV-02995-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING REQUEST FOR SANCTIONS WITHOUT PREJUDICE; SETTING CASE MANAGEMENT CONFERENCE

United States District Court
For the Northern District of California

Conference in this case, the Court schedules a Case Management Conference for February 23, 2011, at 2 p.m.

**IT IS SO ORDERED.**

Dated: November 12, 2010

LUCY H. KOH
United States District Judge

7

Case No.: 10-CV-02995-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING REQUEST FOR SANCTIONS WITHOUT PREJUDICE; SETTING CASE MANAGEMENT CONFERENCE