UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JODY LYNN VON HAAR, | Case No.: 10-CV-02995-LHK |
| Plaintiff, | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED |
| v. | |
| CITY OF MOUNTAIN VIEW, TONY VIERYA, aka JOSE VIEYRA, TY ZEMLOK, FERNANDO MALDONADO, Does 1-100, | |
| Defendants. | |

On April 4, 2011 the State Bar Court of California approved a stipulated disposition and recommended to the Supreme Court that Attorney William B. Look, Plaintiff's attorney of record in this matter, be suspended from the practice of law for 120 days. Leed Decl. Ex. A, June 20, 2011, ECF No. 36. Shortly thereafter, on April 14, 2011, defense counsel contacted Attorney Look in order to prepare a joint case management statement for the upcoming initial case management conference. On the same day, Attorney Look responded to defense counsel: "I may substitute out of this case since I anticipate I will be out of state for several months. Thus, I may defer a response to the last minute to allow new counsel to handle this." Leed Decl. Ex. B, June 20, 2011, ECF No. 36.

On May 4, 2011, the Court held an initial case management conference at which both Plaintiff and Plaintiff's counsel failed to appear. The Court subsequently issued a Case Management Order that set forth deadlines for the parties to meet and confer and to complete

1

1    certain discovery obligations.  *See* Minute Entry and Case Management Order, May 4, 2011, ECF
2    No. 30.  In its Order, the Court advised Plaintiff that if she failed to comply with the court-ordered
3    deadlines, the Court could issue an order to show cause why the case should not be dismissed for
4    failure to prosecute or why Plaintiff's counsel and/or Plaintiff should not be sanctioned for failure
5    to comply with a Court order.

6    On May 26, 2011, Defendants filed a notice advising the Court that Plaintiff had failed to
7    comply with the Court's Case Management Order regarding several discovery obligations.  *See*
8    Defendants' Report of Plaintiff's Non-Compliance With Court Order, ECF No. 32.  Plaintiff filed
9    no response to Defendants' notice.  On June 6, 2011, the Court ordered Plaintiff to show cause why
10   the case should not be dismissed for failure to prosecute.  ECF No. 33.  Plaintiff's counsel, William
11   B. Look, filed a response in which he explained that counsel and Plaintiff lacked funds to prosecute
12   the case, and that Plaintiff had been seeking new counsel.  ECF No. 34.  In response, Defendants
13   filed a statement in which they informed the Court that Plaintiff's counsel was suspended from the
14   practice of law effective April 4, 2011 for a period of 120 days.  Defendants contended that
15   Plaintiff's counsel had therefore violated various rules by engaging in the unauthorized practice of
16   law and failing to notify the Court of his suspension.  ECF No. 35-36.  In reply, Attorney Look
17   acknowledged the suspension, but claimed that it had not yet taken effect.  ECF No. 37.

18   On July 2, 2011, the Court ordered Plaintiff's counsel to file a motion to withdraw by July
19   15, 2011, as it appeared that he was no longer financially able to represent Plaintiff.  ECF No. 38.
20   Attorney Look has not filed a motion to withdraw as counsel.

21   A further case management conference was held on August 31, 2011.  Based on the
22   representations made by Attorney Look at the conference, it appears that his suspension is to begin
23   on September 10, 2011, and that he must withdraw as counsel in all of his current pending cases,
24   including this one, before that date.  At the case management conference, Attorney Look was
25   ordered to contact Jody Von Haar and explain to her his status with the State Bar, and that the

1  Court has issued an order to show cause as to why this case should not be dismissed for failure to
2  prosecute.[1]
3  The Court hereby issues this order to show cause why Attorney William B. Look should not
4  be sanctioned for the following reasons:

1. Look's failure to disclose to opposing counsel that his impending suspension by the State Bar was the true reason for his potential withdrawal from the case.
2. Look's failure to appear at the May 4, 2011 case management conference.
3. Look's failure to comply with the discovery deadlines imposed by the Court's May 4, 2011 case management order, including: (a) failure to provide Plaintiff's dates of availability for deposition by May 11, 2011; (b) failure to respond to Defendants' request to meet and confer by May 13, 2011; (c) failure to produce initial disclosures by May 18, 2011; (d) failure to exchange documents designated in the initial disclosures by May 25, 2011; (e) failure to respond to Defendants' draft protective order by May 18, 2011.
4. Look's failure to comply with the Court's July 2, 2011 order to file a motion to withdraw as counsel by July 15, 2011.

Because Attorney Look's suspension is to begin in 10 days, the Court has set an expedited briefing schedule on the matter.  Defense counsel shall file a declaration of fees and costs incurred as a result of Attorney Look's potentially sanctionable conduct by September 2, 2011.  Attorney Look shall file a written response to the order to show cause, as well as defense counsel's declaration, by September 6, 2011 at noon.  A hearing on the matter is set for September 8, 2011 at 1:30, in Courtroom 8, 4th Floor.

**IT IS SO ORDERED.**

Dated: September 1, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[1] The order to show cause as to why this case should not be dismissed for failure to prosecute is being filed concurrently with this order to show cause as to why sanctions should not be imposed on Plaintiff's attorney William B. Look.