UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JODY LYNN VON HAAR, | Case No.: 10-CV-02995-LHK |
| Plaintiff, | CIVIL CONTEMPT ORDER; ORDER GRANTING WITHDRAWAL OF COUNSEL; ORDER REGARDING VOLUNTARY DISMISSAL |
| v. | |
| CITY OF MOUNTAIN VIEW, TONY VIERYA, aka JOSE VIEYRA, TY ZEMLOK, FERNANDO MALDONADO, Does 1-100, | |
| Defendants. | |

Attorney William B. Look has displayed a disturbing pattern of failure to comply with court orders in this case. A full recitation of the facts describing Mr. Look's conduct in this case is set out in this Court's order to show cause why sanctions should not be imposed. Order to Show Cause Why Sanctions Should Not Be Imposed, September 1, 2011, ECF No. 43. On September 1, 2011, Mr. Look was ordered to show cause why he should not be sanctioned for (1) failure to disclose to opposing counsel that his impending suspension by the State Bar was the true reason for his potential temporary withdrawal from the case; (2) failure to appear at the May 4, 2011 case management conference; (3) failure to comply with discovery deadlines imposed by the Court's May 4, 2011 order; and (4) failure to comply with the Court's July 2, 2011 order to file a motion to withdraw as counsel by July 15, 2011. Order to Show Cause Why Sanctions Should Not Be Imposed, September 1, 2011, ECF No. 43. Because he faced a suspension starting September 10,

1

Case No.: 10-CV-02995-LHK
CIVIL CONTEMPT ORDER; ORDER GRANTING WITHDRAWAL OF COUNSEL; DENYING VOLUNTARY DISMISSAL

2011, and he was still the attorney of record in the matter, the Court set an expedited briefing schedule so that the show cause hearing could take place before his suspension started. Mr. Look filed a response to the order to show cause on September 6, 2011. *See* ECF Nos. 48-49. A hearing was held on September 8, 2011. For the reasons set forth below, the Court issues this Civil Contempt Order for failure to comply with court orders. The Court will forward a copy of this Order, and the underlying order to show cause why sanctions should not be imposed, to the State Bar.

The Court also GRANTS counsel's motion to withdraw from this matter because of his suspension from the State Bar. The Court will not issue an order dismissing this matter at this time. Instead, the order to show cause why this case should not be dismissed for failure to prosecute will proceed with the amended schedule set forth below.

## I.   CIVIL CONTEMPT ORDER

The Court will consider each of the reasons set forth in the September 1, 2011 Order to Show Cause[1] in turn. Civil contempt may arise out of counsel's failure to comply with court orders. Civil contempt consists of "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt need not be willful; however, a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotations and citations omitted). A court may impose a civil contempt sanction only if there is clear and convincing evidence that "(1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis (substantial compliance is not punishable as contempt), and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order." 7 James Wm. Moore et al., Moore's Federal Practice § 37.51[7], at 37-109 (footnotes omitted); *see United States v.*

---

[1] In its Order to Show Cause, the Court also included Mr. Look's failure to disclose to opposing counsel that his impending suspension by the State Bar was the true reason for his potential withdrawal from the case as a reason for potential sanctions. The Court does not rely on this reason to support its contempt finding here.

2
Case No.: 10-CV-02995-LHK
CIVIL CONTEMPT ORDER; ORDER GRANTING WITHDRAWAL OF COUNSEL; DENYING VOLUNTARY DISMISSAL

*Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (*quoting Labor/Cmty. Strategy Ctr. v. L.A. County Metro. Trans. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009)).

Mr. Look began to show signs of abandonment of this case starting in March and April 2011 when, as he concedes in his declaration, he failed to respond to discovery requests. Response to Order to Show Cause ¶ 3, September 6, 2011, ECF No. 48-1. He then failed to appear at the May 4, 2011 case management conference and failed to comply with the discovery deadlines imposed by the Court's May 4, 2011 case management order. There is no dispute that Mr. Look failed to appear and failed to comply with the May 4 order. As a result of these failures, the Court issued its first order to show cause why this case should not be dismissed for failure to prosecute on June 6, 2011.

In his June 17, 2011 response to the June 6, 2011 Order to Show Cause, Mr. Look explained that he failed to appear at the May 4 conference and to comply with the May 4 discovery orders because he was unable to prosecute the case for lack of funds. *See* ECF No. 34. In his September 6, 2011 response, Mr. Look also argued that he was attempting to secure successor counsel to take the case during his impending suspension and that this excuses his failure to comply and to appear. On September 6, 2011, he explained that "I did not have the funds to pay for discovery and if new counsel came into the case, any dates set would have to be reset. If the case had to be dismissed, there was no point in starting discovery." Response to Order to Show Cause ¶ 8, September 6, 2011, ECF No. 48-1. These explanations do not constitute either a good faith interpretation, or substantial compliance with the court orders. Mr. Look's unilateral decision that it would be inefficient to comply with the Court's orders is no excuse. If he needed time to find successor counsel, he should have notified opposing counsel and the Court to either seek a stay of discovery until the matter could be resolved or file a motion to withdraw from the case. Instead, he avoided his Court imposed obligations and did a disservice to his client.

Moreover, Mr. Look's position is inconsistent with his conduct after the June 6 Order to Show Cause. Although he claims that he could no longer afford to prosecute the case, and he was seeking successor counsel, when the Court ordered him to file a motion to withdraw as counsel by

3

Case No.: 10-CV-02995-LHK
CIVIL CONTEMPT ORDER; ORDER GRANTING WITHDRAWAL OF COUNSEL; DENYING VOLUNTARY DISMISSAL

July 15, 2011, he utterly failed to do so. Order Regarding Status of Plaintiff's Counsel, July 2, 2011, ECF No. 38. Indeed, it wasn't until after the August 31, 2011 hearing in which the Court indicated it was contemplating issuing sanctions against Mr. Look for his failure to comply with the Court's Order that he belatedly filed a motion to withdraw.

Mr. Look now explains that he failed to file a motion to withdraw as counsel because he "failed to calendar it" and he "did not expect to file one since well before the due date I had resolved to dismiss the case such that the motion was not needed." Response to Order to Show Cause ¶ 15, September 6, 2011, ECF No. 48-1. Such explanations are contrary to what Mr. Look stated at the August 31, 2011 hearing. At that time, Mr. Look claimed he had misread the Court's order and did not understand that he was required to file a motion to withdraw as counsel. The shifting excuses undermine Mr. Look's credibility, and in any event, they do not excuse the complete disregard of the Court's Order.

Mr. Look has raised several "technical issues" in his response to the order to show cause. None of these "issues" impedes the Court's ability to issue this Order. For one, the Court short set the hearing and subsequent briefing schedule to accommodate Mr. Look's impending bar suspension. Had Mr. Look moved to withdraw from the case as he was initially instructed to do in July, there would not have been a need to set a shortened schedule. Moreover, several of the reasons for the order to show cause were raised in June 2011. Therefore, Mr. Look has had ample time to respond to these allegations and has failed to provide adequate justification for his failure to comply and appear. Nor does the voluntary dismissal moot the inquiry into Mr. Look's prior conduct. Indeed, given that Mr. Look may continue to represent clients after his bar suspension, the need to address these issues now is heightened.

Mr. Look devotes much of his response to explaining that on August 31, 2011, he was finally able to contact Ms. Von Haar, who agreed to a voluntary dismissal on September 2, 2011. The Court views Mr. Look's explanations with skepticism. At the August 31, 2011 case management conference, Mr. Look claimed that he was unable to contact his client between June 1, 2011 and August 31, 2011. Response to Order to Show Cause ¶¶ 9-17, September 6, 2011, ECF

4

Case No.: 10-CV-02995-LHK
CIVIL CONTEMPT ORDER; ORDER GRANTING WITHDRAWAL OF COUNSEL; DENYING VOLUNTARY DISMISSAL

No. 48-1. At the August 31, 2011 case management conference, the Court indicated it would be issuing an order to show cause as to why sanctions should not be imposed. Mr. Look claims that on August 31, 2011, he returned home, searched through the file once more, found another number for the plaintiff, and finally made contact using this number. Response to Order to Show Cause ¶ 13, September 6, 2011, ECF No. 48-1. It is not credible that Mr. Look, who claims he was unable to reach his client for three full months while he was allegedly attempting to find replacement counsel, was suddenly and miraculously able to contact her, and secure her promise for a dismissal, on the day that he realized he was potentially personally liable for sanctions. The Court is concerned that Mr. Look has not been forthright with Ms. Von Haar, and has not properly represented her interests throughout the months he failed to comply with the court orders. In light of these concerns, a copy of this Order, as well as the underlying order to show cause, shall be forwarded to the State Bar. *See* Local Rule 11-6(a)(3).

The Court has discretion in deciding whether to impose sanctions if a party is found in contempt. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). In this case, the Court finds that sanctions are not warranted for several reasons. Defense counsel's declaration did not contain sufficient detail such that Mr. Look could challenge, or the Court could review, the billing statement to determine if the fees sought were as a result of Mr. Look's conduct or were reasonable. Additionally, because the Court deems notification to the State Bar sufficient at this time to protect the interests of the public, the Court declines to exercise its discretion and issue attorneys fees based on Mr. Look's conduct.

## II. ORDER PERMITTING COUNSEL TO WITHDRAW

Pursuant to Civil Local Rule 11-5(b), Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Civil Local Rule 11-5(b). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the consent of the client is not dispositive. *Robinson v. Delgado*, No. CV 02-1538, 2010 WL 3259384, at *2

5

(N.D.Cal. 2010). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

According to Civil Local Rule 11-1(b), only active members in good standing of the State Bar of California are authorized to practice in this Court. Given that Mr. Look begins his suspension September 10, 2011, and will no longer be an active member in good standing of the State Bar of California on that date, the Court must allow him to withdraw as counsel in this case. In light of the course of events that have precipitated this Order, the Court considers the orders to show cause that were mailed to Ms. Von Haar to be sufficient to constitute written notice of the impending withdrawal. *See* ECF Nos. 43-44. Ms. Von Haar will be considered a *pro se* litigant going forward. Mr. Look served Ms. Von Haar with information regarding the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse.[2]

Under Civil Local Rule 11-5(b), when withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, the court may grant withdrawal subject to the condition that papers continue to be served on counsel for forwarding purposes. In this case, Mr. Look has provided a last known address of Ms. Von Haar, which the Court and the parties will use for future filings.

### III. ORDER REGARDING VOLUNTARY DISMISSAL

Plaintiff may not enter a voluntary dismissal in this case, absent a court order, because Defendant Mountain View filed an Answer to Plaintiff's Second Amended Complaint. *See* Fed. R. Civ. P. 41 (a)(1)(A)(i) (Plaintiff may only dismiss an action without court order if the notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment); Defendant's Answer to Plaintiff's Second Amended Complaint, March 16, 2011, ECF No. 26. Plaintiff, proceeding *pro se*, must be given the opportunity to appear and be heard if she wishes to proceed.

---

[2] The FLASH program may be reached by calling (408) 998-5298.

Defendant Mountain View has filed a motion to have the case dismissed with prejudice for failure to prosecute. *See* ECF No. 50. This motion will now be considered concurrently with the order to show cause why the case should not be dismissed for failure to prosecute.[3] In light of the developments in this case, and in order to give the Plaintiff enough time to respond, the Court VACATES the previous briefing and hearing schedule, and SETS the following schedule: Plaintiff's Response to Order to Show Cause must be filed by October 6, 2011. Defendant may file a reply, explaining why the dismissal should be with prejudice, by October 13, 2011. The hearing will be set on October 27, 2011.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Attorney William B. Look to be in Contempt and will send a copy of this Order to the State Bar, but declines to impose monetary sanctions. The Court GRANTS Mr. Look's motion to withdraw as counsel in this matter. The Court will not issue an order dismissing the case at this time.

**IT IS SO ORDERED.**

Dated: September 12, 2011

LUCY H. KOH
United States District Judge

---

[3] The Court recognizes that Plaintiff's counsel has filed a notice voluntarily dismissing the claims with prejudice. Given the speed with which the events in this case have unfolded, and in an abundance of caution, the Court deems it necessary to allow Ms. Von Haar an opportunity to be heard.

7
Case No.: 10-CV-02995-LHK
CIVIL CONTEMPT ORDER; ORDER GRANTING WITHDRAWAL OF COUNSEL; DENYING VOLUNTARY DISMISSAL